## Shallcross et al., Receivers, to use, v. Premier Building & Loan Association

*John Stevens*, for plaintiffs.

*I. Smith Raspin* and *John V. Espenshade*, for defendant.

PARRY, J., October 15, 1937.—This is a suit in assumpsit on an extension of mortgage agreement made in 1930 in which defendant, present owner of the mortgaged premises, assumed liability for the mortgage debt, though it was not an obligor on the original bond. The mortgage is in default but has not been foreclosed.

Defendant has filed an affidavit of defense raising questions of law, relying on the Act of July 2, 1937, P. L. 2751, which provides, in substance, that before any execution shall issue against the mortgaged premises on the foreclosure of any mortgage or on a judgment entered on any obligation secured by mortgage plaintiff shall either (1) file a statement releasing the obligors and guarantors and any other parties liable directly or indirectly on the mortgage debt from all personal liability for the debt, interest, costs, etc., or (2) petition the court to fix the fair market value of the property to be sold. The act then provides for the postponement of the sheriff's sale of the property for a limited time if no bid is made equal to the fair market value as fixed.

Defendant contends that plaintiffs, not having averred compliance with either provision of the act, are not entitled to proceed. However, the statute is clearly not applicable until the mortgagee proceeds to execution on the mortgaged premises after foreclosure or a judgment on an obligation secured by the mortgage. Its purpose is to prevent or at least postpone the sale of the property by the sheriff for a nominal sum with the result that the owner, though deprived of his property, nevertheless remains liable for almost the full amount of the debt.

It does not and constitutionally could not in the slightest degree affect the amount of the debt or compel "a mortgagee to accept real estate at an appraised valuation, in place of money, as a part liquidation of the mortgagor's obligation on the bond": Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483, 502. Therefore, defendant's argument that the extent of its liability on the agreement cannot be determined until the value of the

668

real estate has been fixed is unsound. That liability is unaffected by the statute, and plaintiffs are entitled to establish it, if they can, by proceeding with this suit.

The other question of law raised by the affidavit of defense is likewise determined in favor of plaintiffs, but as defendant offered no argument upon it counsel presumably abandoned it and discussion is unnecessary.

### Order

And now, October 15, 1937, the questions of law raised by the affidavit of defense are determined in favor of plaintiffs and against defendant, with leave to defendant to file an affidavit of defense to the merits within 15 days.